IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSACK HOLLISTER PAOPAO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 13-cv-327 (CRB)<br><br>**ORDER DENYING MOTION TO COMPEL THE BUREAU OF PRISONS TO ADMINISTER THE SECOND CHANCE ACT OF 2007 APPROPRIATELY** |

Defendant Paopao filed this off-calendar pro se motion to compel the Bureau of Prisons (hereinafter "BOP") to Administer the Second Chance Act of 2007 Appropriately. See Mot. (dkt. 409). Paopao asks this Court to force the BOP to place him in a Residential Reentry Center (hereinafter "RRC") for four months and on home confinement for four months thereafter. Mot. at 2. The Government opposes the motion, arguing that this Court does not have venue or subject matter jurisdiction to hear Paopao's motion, that Paopao's claim is not legally cognizable, and that Paopao has not yet exhausted his administrative remedies. See generally Opp'n (dkt. 411). Construing Paopao's claim liberally, the Court nonetheless **DENIES** the motion.

## I. BACKGROUND

On June 20, 2016, this Court sentenced Paopao to thirty-six months of imprisonment followed by three years of supervised release after he was found guilty of one count of conspiracy to distribute cocaine and methamphetamine under 21 U.S.C. §§ 846 and 841(b)(1)(C) and four counts of use of a telephone to commit a felony drug offense under 21 U.S.C. § 843(b). Judgment (dkt. 362) at 1–3. Paopao is currently housed at the Federal Correctional Institution in Taft, CA. Vickers Decl. (dkt. 412) ¶ 5. He is set to be released on April 8, 2019. Id. ¶ 4.

On July 28, 2017, Paopao filed this pro se motion to compel the BOP to Administer the Second Chance Act of 2007 Appropriately. See Mot. The Second Chance Act enables the BOP to designate the location of an inmate's imprisonment. 18 U.S.C. § 3621(b). The BOP has the discretion to place an inmate in an RRC for up to twelve months and on home confinement for either six months or the final ten percent of the inmate's sentence, whichever is shorter. Id. The BOP is required to conduct an individualized assessment to determine whether a prisoner should be placed in an RRC or on home confinement. 18 U.S.C. § 3621. Paopao asserts that he has asked his unit team for an individual assessment, but was informed that the BOP does not calculate a prisoner's RRC or home confinement eligibility until within seventeen to nineteen months of the prisoner's release date. Mot. at 6.

## II. DISCUSSION

Paopao's motion asks that this Court force the BOP to place him in an RRC for four months, force the BOP to place him on home confinement for four months, and waive the

Administrative Remedy Process. See Mot. As discussed below, this Court does not have venue or subject matter jurisdiction over Paopao's claims. Accordingly, this Court denies Paopao's motion.

**A.	Liberal Construction**

As an initial matter, the Government is correct that Paopao's motion should have been brought not as a motion to compel, but as a habeas petition under 28 U.S.C. § 2241. See Opp'n at 2; see also Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court"). Though Paopao brought his claim in a different form, this Court has the power to construe Paopao's motion as a habeas petition. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) ("We hold that to the extent [the prisoner] challenges the fact or duration of his confinement, the district court should have construed the complaint as a petition for habeas corpus"). Furthermore, federal courts have a duty to construe pro se pleadings liberally. Hamilton v. U.S., 67 F.3d 761, 764 (9th Cir. 1995). This Court therefore construes Paopao's motion as a habeas petition under § 2241 that asks it to order the BOP to transfer him to an RRC on August 21, 2018 and place him on home confinement thereafter. See Mot. at 8.

**B.	Venue**

The Government argues that since Paopao is challenging the location of his confinement, he must bring his claim in the district of confinement—the Eastern District. Opp'n at 3. The Government is correct that because Paopao challenges whether he should be placed in an RRC or on home confinement and not the validity of his sentence, see

3

generally Mot., he is challenging the execution of his sentence. The Ninth Circuit has held that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined." Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989); see also Hernandez, 204 F.3d at 865 ("a habeas petition filed pursuant to § 2241 must be heard in the custodial court"). As Paopao is confined in Taft, California, the district of confinement is the Eastern District. See Vickers Decl. ¶ 5. Thus, Paopao's petition should be brought in the Eastern District.

### C. Subject Matter Jurisdiction

The Government next argues that this Court lacks subject matter jurisdiction to review the BOP's RRC and home confinement placement decisions. Opp'n at 3–4. This Court does not have the power to review the outcome of an individualized assessment made by the BOP. See Brown v. Ives, 543 Fed. Appx. 636, 637 (9th Cir. 2013) ("Insofar as [Petitioner] is challenging the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction over the petition"). Because Paopao asks this Court to force the BOP to make a specific individual determination (namely that Paopao belongs in an RRC and on home confinement), this Court lacks subject matter jurisdiction.[1] See id.

Where courts can assist individuals in Paopao's position is in ensuring that they receive the process to which they are entitled. Should the BOP not provide Paopao with an

---

[1] The Government also argues that Paopao's motion is not legally cognizable because he does not have a due process right to be placed in an RRC or on home confinement. Opp'n at 5. Paopao, however, does not bring a due process claim. See Mot. To the extent that the Government is arguing that this Court cannot provide Paopao with the relief he seeks, the Court already concludes that it lacks subject matter jurisdiction over Paopao's petition.

individual assessment within seventeen to nineteen months of his release date, which is to say by November 8, 2017, Paopao should file a claim through the BOP's administrative remedy process. See Mot. at 6; see also Office of the Inspector General, Audit of the Federal Bureau of Prisons' Management of Inmate Placements in Residential Reentry Centers and Home Confinement, U.S. Dep't of Justice, at 7 (Nov. 2016) ("BOP requires that 17 to 19 months prior to an inmate's projected release date, the unit team . . . assess the inmate for pre-release RRC and home confinement placement"). The Government asserts that the administrative remedy process should take around ninety days. Opp'n at 7. If, after exhausting the administrative remedy process, the BOP still does not provide Paopao with an individual assessment, he should bring a § 2241 habeas petition requesting an individual assessment in the Eastern District. Courts can provide relief through an order requiring the BOP to make an individual assessment in accordance with 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). See Washington v. Copenhaver, No. C 09–2491 MMC (PR), 2009 WL 1814460, at *4 (N.D. Cal. June 24, 2009) ("Although petitioner may not obtain as much time in an RRC as she might desire, she has already received the only relief a court properly could order, specifically, an individualized determination in compliance with 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c)").

## III. CONCLUSION

For the foregoing reasons, this Court **DENIES** Paopao's petition. This Court lacks venue and subject-matter jurisdiction to force the BOP to place Paopao in an RRC for four months and on home confinement for four months thereafter. If Paopao does not receive an individual assessment by November 8, 2017, he must request one through the BOP's

administrative remedy process. If, after exhausting the administrative remedy process, Paopao still does not receive an individual assessment, he can return to the Eastern District to seek one.

**IT IS SO ORDERED.**

Dated: October 25, 2017

CHARLES R. BREYER

United States District Judge